United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40056
Summary Calendar

JEFFREY LYNN BELL,

Plaintiff-Appellant,

versus

KENNETH LABORDE, Chief, U.S. Probation Officer in His Official and
Individual Capacity; HAL THOMAS SANDERS, Former Deputy Chief U.S.
Probation Officer in His Official and Individual Capacity; SHANE
FERGUSON, Assistant Deputy Chief U.S. Probation Officer, in His Official
and Individual Capacity; JOE HEATH, Supervising U.S. Probation Officer, in
His Official and Individual Capacity,

Defendants-Appellees.

Appeal from the United States District Court for the Eastern District of Texas
(Docket No. 5:04-CV-210)

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jeffrey Bell ("Bell") appeals the district court's grant of summary judgment

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

for the Appellees. Bell is a former U.S. Probation Officer who brought this suit against his previous superiors, claiming that he was forced to resign and alleging violations of his constitutional rights and state law. We review the district court's grant of summary judgment de novo, using the same legal standard as the district court. *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 410–11 (5th Cir. 2003). We affirm the decision of the district court for the following reasons:

1.  The district court correctly held that Bell's *Bivens* claims are precluded by the Civil Service Reform Act of 1978 ("CSRA").[1&2] *Bivens* claims allow plaintiffs to recover money damages from federal officials for constitutional violations when there are no "special factors counseling hesitation in the absence of affirmative action by Congress." *Bivens v. Six Unknown Named*

---

[1] Appellees argue that Bell did not brief the preclusion issue on appeal, and thus these claims should be deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). However, we find that Bell did make an attempt to argue the issue, and accordingly, will address it on appeal.

[2] Bell originally brought his claims pursuant to 42 U.S.C. § 1983, but the district court rightly construed these counts as *Bivens* claims. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55 (1988). In this case, Bell brought suit against federal employees, who acted under color of federal, not state law. *See Inez v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) (*Bivens* action is analogous to § 1983 claim, but applies to federal rather than state officials).

*Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 396–97, 91 S.Ct. 1999, 2004–05 (1971). However, in this case, Congress enacted the CSRA in order to provide a comprehensive remedial scheme for aggrieved federal employees. The courts will not provide additional remedies when Congress has already established what it considers to be sufficient remedial procedures. *See United States v. Fausto*, 484 U.S. 439, 455, 108 S.Ct. 668, 677 (1988). The CSRA constitutes Congressional judgment concerning the appropriate remedies for federal employees and thus provides the exclusive scheme for such remedies. *See id.* As a result, Bell's *Bivens* action is precluded. *Rollins v. Marsh*, 937 F.2d 134, 139 (5th Cir. 1991). *See also Lee v. Hughes*, 145 F.3d 1272, 1275 (11th Cir. 1998) (holding that the CSRA precluded a probation officer's *Bivens* suit).

2. Bell's state law claims are also precluded by the CSRA. "Both the CSRA and its legislative history show that Congress did not intend that state tort law operate within the interstices of the act." *Saul v. United States*, 928 F.2d 829, 842 (9th Cir. 1991). *See also Rollins*, 937 F.2d at 140 (CSRA preempts state law claims). Any remedy for Bell's grievances lay only in the procedures set forth by the CSRA, and thus the district judge correctly dismissed his claims.

3

AFFIRMED.